## Reed's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Joseph A. Allen,* for petitioner.

*Harry J. J. Bellwoar, Jr.,* for exceptants.

SINKLER, J., April 4, 1941.—A petition was filed by a child of decedent, claiming the $500 exemption. Exceptions were filed thereto and a stipulation of facts then submitted by the parties in interest. With the record in this status, the matter came before the court in banc.

The material facts are that claimant is an adult married daughter of decedent who, at the time of decedent's death, was living with her husband and with decedent in a house owned by the latter. The inquiry to be made by the court is whether claimant satisfies the requirement of section 12(*a*) of the Fiduciaries Act of a child "forming part of the family of [the] decedent."

The decisions under this section have undergone an evolution. The early decisions emphasized the element that the $500 exemption was intended to relieve the immediate wants of the widow and children who had been deprived of the support of decedent, and to tide them over the period of economic transition following his death. This rationale was akin to the privilege of quarantine given a widow under the common law, by which she was permitted to retain possession of the manor house or principal dwelling of decedent for the 40 days following his death, prior to the assignment to her of her dower.

The later decisions have departed from this concept of relief as the basis for the $500 exemption, and have held that it is immaterial that claimants were not dependent on decedent and, in the case of children, that they were adult or were married. All that is now re-

quired is that claimant prove that she formed part of the family of decedent at the time of decedent's death. The payment of $500 has thus been assimilated to the payment of $5,000 to the surviving spouse in cases of intestacy. Both sums are paid without regard to the needs of the recipient, or the equities of the case.

In the case now before the court, did claimant satisfy the requirement of being part of decedent's family at the time of his death? The stipulation shows that claimant, her husband, and decedent lived together in the house owned by decedent. They did not live in separate apartments, but used the house in common. While standards of civilization and decency required that certain portions of the house be regarded as rooms belonging to one or the other, they used the house in common as any ordinary family group would.

The only inquiry remaining after it is determined that the three individuals in question formed a family unit is whether claimant was part of decedent's family, in which case she is entitled to the exemption; or whether decedent was part of claimant's family, in which case she is not entitled to the exemption. This distinction of who is living with whom has much of the common-law mysticism about it, but the statute, nevertheless, requires it to be made. Here the evidence is slight. It is, however, stipulated that decedent owned the house in which all resided, and it is believed that this is a sufficient circumstance to require a conclusion that claimant was living with decedent as part of his family. She was living under the parental roof and was part of his family. This conclusion is supported by the decision of Judge Trimble in Stevenson's Estate, 23 Dist R. 747 (1913).

The law on this subject is to be found in the decision of Judge Trimble in the case just cited, and in Lane's Estate, 6 Dist. R. 618 (1897), by Judge Stewart. Where a decedent is not survived by a widow, a daughter who maintained the family relation with decedent at the time of his death is entitled to the exemption, even though she

be married and living with her husband and children, likewise residing with her father. The criterion is not dependence of an adult daughter, but the maintenance of a family and residence with him.

The facts presented in the present case by stipulation of the parties reveal a relationship existing between claimant and decedent at the time of his death which supports her claim.

A decree is entered this day allowing the child's exemption.

LADNER, J., dissenting—I do not agree with the decision allowing the exemption in this case. As I read the act, the word "family" is used to denote either an unbroken family circle, or one restored by the element of dependence.

Here the daughter who claims was emancipated by marriage. She had her own family—husband and children. She with her "family" lived with her father in the house owned by him, as a matter of convenience and economy. The accommodations occupied by her and her own family were paid for, first by rent and latterly by services and food supplies. According to the stipulated facts claimant, her husband, and children, were just as much separate from decedent's family as though they occupied a separate apartment. Physical division of living quarters I regard as unimportant.

It appears further that claimant, her husband, and children, applied for and obtained relief from the Commonwealth as a *separate* family. She ought not to be allowed to claim status as a *separate* family for the purposes of relief and at the same time claim to be part of decedent's family for the purposes of exemption. The minor children of claimant's deceased brother ought not to have their meager inheritance further reduced by what seems to be a far too broad construction of the word "family", and which I believe to be contrary to the intent of the law.

I would dismiss the claim for exemption.